UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TORIE D. JOHNSON                                          CIVIL ACTION

VERSUS                                                        NO. 13-260-SDD-RLB

ELAYN HUNT CORRECTIONAL
CENTER (DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS) AND
THE STATE OF LOUISIANA

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORIE D. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-260-SDD-RLB** |
| **ELAYN HUNT CORRECTIONAL CENTER (DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS) AND THE STATE OF LOUISIANA** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on referral from the district judge of the plaintiff's Motion to Remand (R. Doc. 8). Any opposition to this motion was required to be filed within 21 days after service of the motion. L.R. 7.4. The defendants have not filed an opposition as of the date of this Order. The motion is therefore unopposed. The only issue before the court is whether the state court petition raises a federal question to support subject matter jurisdiction under 28 U.S.C. § 1331.

### Background

On December 3, 2012, plaintiff Torie Johnson filed a petition in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging civil rights violations against the defendants Elayn Hunt Correctional Center and the State of Louisiana Department of Public Safety and Corrections (R. Doc. 1-2, "Petition"). The plaintiff alleges that she was "laid off from her position as a Mental Health Counselor" at the Elayn Hunt Correctional Center after she "consistently made complaints to her superiors within the prison system of racial slurs being made by the prison guards and employees to the inmates which were racially volatile provocative and unwarranted" and "was subsequently targeted by her superiors with reprimands and

1

unfounded accusations to the degree she was being 'singled out' as a troublemaker" (Petition, ¶¶ 2- 4).

The petition does not identify a specific federal or state civil rights law under which she is raising her claims.  Nevertheless, the plaintiff alleges that "the actions surrounding her dismissal to be *racially discriminatory* and *retaliatory* based on her race as an African American female, as well as a Whistle-blower within the Correctional Facility" (Petition, ¶ 5).  The plaintiff claims she "was made to endure the atmosphere of a *Hostile Work Environment* during her tenure at the facility," that her "treatment was *disparate*," and that her "Civil Rights have been violated in that she has been subjected to racial discrimination and retaliatory discharge, without provocation" (Petition, ¶¶ 8-9).  The plaintiff also alleges that she was "accused of smuggling contraband into the facility" and, during an investigation into these allegations, she "was *falsely imprisoned and held against her will without provocation for several hours*," although she was ultimately cleared of the allegations (Petition, ¶ 7).

The defendants removed this matter alleging federal question jurisdiction under 28 U.S.C. § 1331 (R. Doc. 1).  In the notice of removal, the defendants state that the "petition asserted the plaintiff's entitlement to damages from the defendants as a result of civil rights violations that include *racially discriminatory* and *retaliatory* discharge, creating a *Hostile Work Environment*, and *disparate treatment* (R. Doc. 1 at 2 (citing Petition, ¶¶ 5, 8-9)).  The defendants argue that "the plaintiff's petition asserts claims arising under Federal law" and, therefore, the court has subject matter jurisdiction under 28 U.S.C. § 1331.  The defendants do not identify, however, the "Federal law" allegedly raised in the petition.

In her motion to remand, the plaintiff asserts that she is not bringing a Title VII claim, stating that the allegations "do not have any basis for a claim involving Title 7; or federal

2

question jurisdiction." (R. Doc. 8 at 1). The plaintiff asserts that she has not raised a claim arising under federal law and that her petition alleges "standard tort claims"[1] (R. Doc. 8 at 1).

## Law and Analysis

This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. *Id.*

---

[1] Although the plaintiff claims her allegations are based on state tort law, it appears to the court that the petition might raise claims based on the Louisiana anti-discrimination statute, La. R.S. 23:301 *et seq.*

3

Here, the plaintiff's petition claims that the defendants violated her "Civil Rights" by subjecting her to racial discrimination and retaliatory discharge, without provocation. The petition does not contain a reference to a specific state or federal law. Despite the defendants' assertions, the petition does not reference any federal law, including Title VII of the Civil Rights Act. Furthermore, the defendants, who have the burden of proving federal question jurisdiction, have failed to explain why the allegations in the plaintiff's petition raise claims under federal law as opposed to exclusively raising claims based on Louisiana state law. The defendants have not filed an opposition to the plaintiff's motion to remand in support of their allegation that the court has federal question jurisdiction.

The plaintiff's reference to "Civil Rights" in the petition could constitute a claim under state law or federal law; therefore, the court is left with a petition that is ambiguous as to what causes of action the plaintiffs are bringing and on which laws the plaintiff's claims are based. The Fifth Circuit has held that ambiguities are construed against removal because the removal statue is strictly construed in favor of remand. *Lorenz v. Texas Workforce Commission,* 211 Fed. App'x 242 (5th Cir. 2006) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In *Lorenz*, the Fifth Circuit specifically concluded that the plaintiff's petition was silent with regard to whether he was bringing a claim under Title VII of the Civil Rights Act or under a state anti-discrimination statute. *Id.* at 244. The court held that because it is "possible to construe his pleadings as stating a federal claim, but is equally possible that he is bringing a claim solely under state law," the court must construe the ambiguities in the petition against removal. *Id*. Accordingly, the court concluded that there were "no allegations on which to base federal question jurisdiction." *Id*. The Fifth Circuit held that that the district court did not have jurisdiction over the plaintiff's claims and therefore vacated the orders of the district

4

court and instructed that the case was to be remanded to the state court from which it was removed. *Id*. at 246.

Similarly, the petition at issue in the instant matter does not specifically identify a federal claim and is, at best, ambiguous as to which set of laws, state or federal, plaintiff uses as a basis for her claims.  Thus, removal based on federal question jurisdiction is not proper, and this matter should be remanded.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (Rec. Doc. 8) should be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 4, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

5